UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**RICHARD MOORE,**

**Petitioner,**

v.

BRIAN DUFFY,

Respondent.

**No. LA CV 15-02058-VBF-JC**

**ORDER**

Adopting the Report & Recommendation;
Denying the Habeas Corpus Petition;
Denying a Certificate of Appealability;

Directing Entry of Separate Judgment;

Terminating the Case (JS-6)

This is an action for a Writ of Habeas Corpus by a Person in State Custody Pursuant to 28 U.S.C. section 2254. Pursuant to her authority under Fed. R. Civ. P. 72(b)(1), title 28 U.S.C. section 636(b)(1)(B), and C.D. Cal. Local Civil Rule 72-3.3, the United States Magistrate Judge issued a Report and Recommendation ("R&R") on April 26, 2016. *See* Case Management / Electronic Case Filing System Document ("Doc") Doc 22.

Pursuant to 28 U.S.C. § 636(b)(1), the Court has reviewed the habeas corpus petition (Doc 1), the documents listed in respondent warden's first Notice of Lodging filed April 21, 2015 (Doc 6), the documents listed in respondent's Supplemental Notice of Lodging filed May 21, 2015 (Doc 8), the documents listed in respondent's Second Supplemental Notice of Lodging filed July 15, 2015 (Doc 13), the relevant decision(s) of the California state courts, petitioner's August 5, 2015 "Motion to Show Cause as to Why Petitioner's Instant Petition

is to Be Granted" (Doc 16) and his August 31, 2015 supplement thereto (Doc 18) and respondent's reply (Doc 19), the R&R (Doc 22), and the applicable law.

Petitioner has not filed written objections to the R&R within the time allotted by our Local Civil Rule 72-3.4[1], nor has he sought an extension of the objection deadline. Accordingly, the Court proceeds to the issues without waiting further.

By its terms, Federal Rule of Civil Procedure 72(b)(3) requires a District Judge to conduct de novo review only of those portions of an R&R to which a party has filed timely specific objection. *See, e.g., Rael v. Foulk*, No. LA CV 14-02987, 2015 WL 4111295, *1 (C.D. Cal. July 7, 2015) (Fairbank, J.) ("As required by Fed. R. Civ. P. 72(b)(3), the Court has engaged in de novo review of the portions of the R&R to which petitioner has specifically objected . . . ."), *appeal filed*, No. 15-56205 (9th Cir. Aug. 6, 2015).

**Conversely, the Ninth Circuit has held that absent a timely objection purporting to identify specific defects in the R&R, the District Judge has no obligation to review the R&R at all.** *See Beard v. Nooth*, 2013 WL 3934188, *1 (D. Or. July 30, 2013) ("For those portions of a magistrate's findings and recommendations to which neither party has objected, the [Federal Magistrates] Act does not prescribe any standard of review.") (citing *Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Federal Magistrates Act], intended to require a district judge to review a magistrate's

---

1

Both Fed. R. Civ. P. 72(b)(2) and 28 U.S.C. section 636(b)(1) provide that a party may file written objections to an R&R within fourteen days after being served with the R&R. Our Local Civil Rule 72-3.3, however, provides that "[i]f a party is in custody at the time of the filing of the Magistrate Judge's Report, the time for filing objections under F.R. Civ. P. 72(b) shall be shall be twenty (20) days or such further time as the Magistrate Judge may order."

"Consistent with the Federal Rule governing Magistrate Judges and the Federal Magistrates Act, the Court construes that to mean twenty calendar days after the incarcerated party is *served with* the R&R, not merely twenty days after the R&R is filed on the docket." *Crump v. CSP-Los Angeles County's Maintenance-Plant Operations Dep't*, No. LA CV 15-07845, 2016 WL 1610593, *1 n.1 (C.D. Cal. Apr. 21, 2016) (Valerie Baker Fairbank, Sr. J.).

report.[.]") and *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (district judge must review a magistrate's findings and recommendations de novo if objections are made, "but not otherwise")); *see, e.g., Herring v. Maricopa County Sheriff's Office*, 2016 WL 2754851, *1 (D. Ariz. May 12, 2016) (David Campbell, J.) (stating, in civil-rights action, "No objection has been filed, which relieves the Court of its obligation to review the R&R.") (citing, *inter alia*, *Reyna-Tapia*, 328 F.3d at 1121, and *Thomas*, 474 U.S. at 149); *Hussak v. Ryan*, 2016 WL 2606993, *1 (D. Ariz. May 6, 2016) (Rayes, J.) (same).[2]

"**Nonetheless, the Magistrates Act does not *preclude* a district judge from reviewing an R&R to make sure that it recommends a legally permissible and appropriate outcome (based on sound reasoning and valid precedent) if she chooses to do so."** *Juarez v. Katavich*, 2016 WL 2908238, *2 (C.D. Cal. May 17, 2016) (Fairbank, J.) (citing *Beard*, 2013 WL 3934188 at *1 (although in the absence of objections no review is required, the Magistrates Act "'does not preclude further review by the district judge[] *sua sponte* . . . under a de novo or any other standard") (quoting *Thomas*, 474 U.S. at 154)). "'Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that [w]hen no timely objection is filed, the Court review the magistrate's recommendations for clear error on the face of the record.'" *Juarez*, 2016 WL 2908238 at *2 (quoting *Beard*, 2013 WL 3934188 at *1 (internal quotation marks omitted)).

**Out of an abundance of caution, then, the Court has reviewed the R&R. On either clear-error or de novo review, the Court finds no defect of law, fact, or logic in the R&R.** Therefore the Court will adopt the R&R and implement its recommendations.

ORDER

2 *Cf. Smith v. Johnson*, 2012 WL 6726447, *1 (E.D. Ark. Dec. 27, 2012) ("No one has objected to Magistrate Judge H. David Young's Proposed Findings and Recommendations, Document No. 4. Having reviewed for clear errors of fact on the face of the record, Fed. R. Civ. P. 72(b) (Advisory Committee Notes to 1983 [Edition]), and for legal error, the Court adopts the proposal as modified: . . . ."), *judgment reversed on other grounds*, 779 F.3d 867 (8th Cir. 2015).

The Report and Recommendation **is ADOPTED** without objection.

The petition for a writ of habeas corpus **is DENIED.**

Petitioner's August 5, 2015 "Motion to Show Cause Why This Petition Should be Granted" **[Document #16] is DENIED.**

The Court **DECLINES** to issue a certificate of appealability. **Petitioner may still seek a certificate of appealability from the U.S. Court of Appeals for the Ninth Circuit.** *See* Rule 11(a) of Rules Governing Sec. 2254 Cases in the U.S. District Courts (stating, in pertinent part, "If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22."); Fed. R. App. P. 22(b)(1) (providing, in pertinent part, "If the district judge has denied the certificate, the applicant may request a circuit judge to issue it.").[3]

**Final judgment will be issued consistent with this Order.**

**"As required by Fed. R. Civ. P. 58(a), the Court will enter judgment by separate document."** *Toy v. Soto*, 2015 WL 2168744, *1 (C.D. Cal. May 5, 2015) (citing *Jayne v. Sherman*, 706 F.3d 994, 1009 (9th Cir. 2013)) (footnote 1 omitted), *appeal filed*, No. 15-55866 (9th Cir. June 5, 2015).[4]

---

3 *Accord Pratt v. Bower*, 2016 WL 815293, *14 (N.D. Cal. Mar. 2, 2016); *Juniper v. Zook*, 2016 WL 413099, *1 (E.D. Va. Feb. 2, 2016) (John Gibney, J.).

4 *Accord Buck v. American Quarter Horse Ass'n*, 602 F. App'x 709, 710 n.1 (10th Cir. 2015) ("[W]e note that the district court did not prepare a separate document entering judgment in accordance with Fed. R. Civ. P. 58(a).").

"'To comply with Rule 58, an order must (1) be self-contained and separate from the opinion; (2) note the relief granted; and (3) omit or substantially omit the district court's reasons for disposing of the claims.'" *Elkins v. Foulkes*, 2014 WL 2615732, *14 n.4 (C.D. Cal. June 12, 2014) (quoting

(continued...)

This action is **DISMISSED with prejudice**.

The Clerk of Court SHALL **TERMINATE and close the case (JS-6).**

Dated: Monday, June 6, 2016

Valerie Baker Fairbank
Senior United States District Judge

---

[4](...continued)
*Daley v. USAO*, 538 F. App'x 142, 143 (3d Cir. 2013) (per curiam) (citation omitted)). "'A combined document denominated an Order and Judgment, containing factual background, legal reasoning, as well as a judgment, generally will not satisfy the rule's prescription.'" *Fisher v. Ventura Cty. Sheriffs Narcotics Agency*, 2014 WL 2772705, *7 n.9 (C.D. Cal. June 18, 2014) (quoting *In re Taumoepeau*, 523 F.3d 1213, 1217 (10th Cir. 2008)) (internal quote marks omitted).